UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

| | | |
|---|---|---|
| DAVID ROBLING | § | C.A. No. 3:15-cv-00216 |
| | § | |
| VS. | § | |
| | § | |
| FUGRO GEOSERVICES, INC. ET AL | § | JURY TRIAL DEMANDED |

**PLAINTIFF'S FIRST AMENDED COMPLAINT**

TO THE HONORABLE UNITED STATES DISTRICT JUDGE:

COMES NOW Plaintiff David Robling ("Plaintiff"), complaining of Defendants Fugro Geoservices, Inc. and Fugro (USA) Inc. ("Defendants"), and, for cause of action, would respectfully show as follows:

**I. PARTIES**

1.1   Plaintiff David Robling, is a U.S. citizen and resident of Louisiana.

1.2   Defendant Fugro Geoservices, Inc., is a Delaware corporation with its principal place of business in this District, authorized to do and doing business in this District, Division, and the state of Texas for the purpose of accumulating monetary profit, and may be served with process through its attorney of record.

1.3   Defendant Fugro (USA) Inc., is a Delaware corporation with its principal place of business in this District, authorized to do and doing business in this District, Division, and the state of Texas for the purpose of accumulating monetary profit, and may be served with process through its registered agent, CT Corporation System, 1999 Bryan Street, Suite 900, Dallas, Texas 75201, in accordance with Rule 4(h) Fed.R.Civ.P.

## II. JURISDICTION

2.1     The Court has jurisdiction over the lawsuit under 28 U.S.C. §1333 because the suit involves admiralty and maritime jurisdiction.  This case is brought pursuant 28 U.S.C. § 1333, the general maritime law, and the Jones Act now codified at 46 U.S.C. § 30104.

## III. VENUE

3.1     Venue is proper in this matter pursuant to the admiralty and maritime laws of the United States, Rule 82 Fed. R. Civ. P.

## IV.  FACTS

4.1     At all material times hereto, Defendants owned, operated and/or crewed the multi-purpose vessel *Geodetic Surveyor,* the vessel involved in the incident made the basis of this suit, a vessel operating on navigable waters.

4.2     At all material times hereto, Plaintiff was employed by Defendants as a captain and member of the crew of the *Geodetic Surveyor.*

4.3     On or about January 6, 2015, while Plaintiff was performing his duties in the service of the vessel, he tripped on equipment left on the vessel by a prior crew, causing him to fall and sustain serious and disabling injuries.

4.4     The injuries suffered by Plaintiff were caused by the negligence and/or gross negligence of Defendants, and unseaworthiness of their vessel, in the following particulars, among others:

> (a)     failing to maintain the vessel and her appurtenances and/or equipment in a safe and reasonable state of repair;

  (b)  failing to take reasonable precautions for Plaintiff's safety;

  (c)  failing to provide employees with a reasonably safe place to work;

  (d)  failing to warn Plaintiff of known and/or existing hazards; and

  (e)  other acts of negligence and/or omissions to be shown at trial herein.

## V.  COUNT 1 - JONES ACT

  5.1  Plaintiff's injuries were suffered in the course of his employment and were caused by the negligence and/or gross negligence of Defendants, their officers, agents, or employees, as described herein.

## VI.  COUNT 2 - UNSEAWORTHINESS

  6.1  Plaintiff's injuries were caused by Defendants' breach of absolute duty to furnish a seaworthy vessel.

## VII.  COUNT 3 - MAINTENANCE AND CURE

  7.1  Plaintiff would show that on the above mentioned date, he was injured while in the service of the vessel. As a result, Defendants had, and continue to have, a non-delegable duty to provide Plaintiff with the benefits of maintenance and cure. Plaintiff would show that he has not reached maximum medical improvement and that Defendants' duties therefore continue. Should Defendants fail to provide Plaintiff with the benefits of maintenance and cure and/or unreasonably delay said benefits, Plaintiff will suffer further injuries and damages, for which he will seek an award of damages for aggravation of his

condition caused by Defendants' arbitrary and capricious, or wilful, callous and persistent behavior, as well as attorneys' fees, and punitive damages.

## VIII.  DAMAGES

8.1   As a direct and proximate result of Defendants' negligence and/or gross negligence, Plaintiff suffered the following injuries and damages, including, but not limited to: (a) mental anguish in the past and future; (b) lost earnings; (c) loss of wage earning capacity; (d) disfigurement in the past and future; (e) physical impairment in the past and future; (f) medical expenses in the past and future; (g) physical pain and suffering in the past and future; (h) punitive damages.

## IX.  JURY DEMAND

9.1   Plaintiff demands a trial by jury herein.

WHEREFORE, PREMISES CONSIDERED, Plaintiff prays for judgment against Defendants for: actual damages in an amount exceeding the jurisdictional limits of this Court; prejudgment and postjudgment interest; punitive damages and attorney's fees; costs of suit; and all other relief to which he may be entitled.

Respectfully submitted,

*/s/ Marcus R. Spagnoletti*
Marcus R. Spagnoletti
SBN 24076708 / SDTX 1139660
401 Louisiana Street, 8th Floor
Houston, Texas 77002
Telephone:   713-653-5600
Facsimile:    713-653-5656
Email:          marcus@spaglaw.com

**OF COUNSEL**

SPAGNOLETTI & CO.
401 Louisiana Street, 8th Floor
Houston, Texas 77002
Telephone:   713-653-5600
Facsimile:    713-653-5656

*Attorneys for Plaintiff*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that service of the foregoing was on this date automatically accomplished on all counsel of record via CM/ECF Notice of Electronic Filing, in accordance with the Federal Rules of Civil Procedure on this 1st day of February, 2016.

*/s/ Marcus R. Spagnoletti*
Marcus R. Spagnoletti